**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: March 12, 2018
Date Decided: March 13, 2018

P. Clarkson Collins, Jr., Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Krista R. Samis, Esquire
Margolis Edelstein
300 Delaware Avenue, Suite 300
Wilmington, DE 19801

Re: *Mediacom Delaware LLC v. Sea Colony Recreational Association, Inc.*
C.A. No. 2018-0003-JRS

Dear Counsel:

I have reviewed Sea Colony Recreational Association, Inc.'s Expedited Motion to Strike the Errata Sheet of John G. Pascarelli ("the Motion") and Mediacom Delaware LLC's response to the Motion. For the reasons that follow, the Motion is DENIED.

Mediacom has made substantive changes to the deposition testimony of its Rule 30(b)(6) witness, John G. Pascarelli, through an errata sheet prepared following the adjournment of the deposition. The Motion seeks to strike that errata sheet as a

violation of either the so-called sham affidavit doctrine or this Court's rules. Neither argument is persuasive.

The sham affidavit doctrine allows the Court to strike an affidavit that contradicts prior sworn testimony from the same witness when the affidavit is offered to create a material issue of fact in order to defeat an otherwise properly supported motion for summary judgment. *Cain v. Tweed,* 830 A.2d 737, 741–42 (Del. 2003); *In re Asbestos (Tisdel)*, 2006 WL 3492370, at *4 (Del. Super. Ct. Nov. 28, 2006). The errata sheet was not submitted in response to any motion. It was submitted in due course pursuant to Court of Chancery Rule 30(e). The sham affidavit doctrine does not apply here.

Rule 30(e) provides that "[a]ny changes **in form or substance** which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them." Ct. Ch. R. 30(e) (emphasis supplied) While there are certainly instances where the Court may exercise its discretion to strike an errata sheet that contains substantive changes to deposition testimony, *see e.g.*, *In re Asbestos (Tisdel)*, 2006 WL 3492370, at *4 (striking errata sheet filed in response to motion for summary judgment); *Donald M.*

*Dworkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at \*5 (D. Del. 2006) (striking errata sheet used to support a response to a motion for consideration), the "preferable" practice is to allow the substantive changes in the errata sheet but to consider those changes when assessing the witness's credibility. 7 James Wm. Moore, *Moore's Federal Practice*, § 30.60[3] (3d ed. 2017). *See also* 8A Wright & Miller *Federal Practice and Civil Procedure* § 2118 (3d ed. 2018) ("The witness who changes his or her testimony on a material matter between the giving of the deposition and appearance at the trial may be impeached by the former answers, and the cross–examiner and the jury are likely to be keenly interested in the reasons for changing the testimony. There is no apparent reason why the witness who has a change of mind between the giving of the deposition and its transcription should be treated differently."); *Consulnet Computing, Inc. v. Moore,* 2008 WL 5146539, at \*9 (E. D. Pa. Dec. 5, 2008) (noting that the law in the Third Circuit is that a deponent "may make changes that contradict the original answers given, even if those changes are not supported by convincing explanations, as long as the deponent complies with the instructions provided within [Rule 30(e)] for making such changes."); *Crumplar v. Superior Court,* 56 A.3d 1000, 1007 (Del. 2012) (noting that when our state court

rule tracks the corresponding federal rule our courts deem federal decisions interpreting the rule to be "persuasive" authority).

While I am persuaded that the Pascarelli errata sheet should not be stricken at this time, Mediacom should not be misled to believe that I will not permit thorough cross-examination of Mr. Pascarelli at the upcoming evidentiary hearing on Mediacom's motion for preliminary injunction, that I will not likely view his credibility as impaired by reason of the changes he has made to his sworn testimony, or that I will not revisit this ruling in the event Mediacom fails to make Mr. Pascarelli available for cross-examination. At this point, my ruling is limited to the question of whether the Pascarelli errata sheet should be stricken as requested in the Motion. For the reasons stated, the answer to that limited question is no.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

JRSIII/cap
cc:    Stephen A. Spence, Esquire
       Ryan P. Newell, Esquire
       Register in Chancery-K